[Civ. No. 3497. First Appellate District, Division Two.—February 24, 1921.]

# E. R. BERGES, Respondent, *v.* GEORGE GUTHRIE, Appellant.

[1] NEGLIGENCE—VIOLATION OF TRAFFIC ORDINANCE — LIMITATION. — The principle that the violation of a traffic ordinance is conclusive evidence of negligence is subject to the limitation that the act or omission must have contributed directly to the injury, or, however improper or illegal it may have been in the abstract, no action for damages can be founded upon it.

[2] ID.—COLLISION OF AUTOMOBILES—CONCURRENT NEGLIGENCE—PROXIMATE CAUSE.—Where a collision occurred between two automobiles while the respective drivers thereof were violating a traffic ordinance and would not have occurred had either of them observed the ordinance, the accident was the result of their concurrent negligence and the negligence of each was the proximate cause thereof.

[3] ID.—CONTRIBUTORY NEGLIGENCE—SPECIFIC ACTS — PLEADING — APPEAL.—Where contributory negligence is pleaded in general terms and no demurrer, either general or special, is interposed to the pleading, the plaintiff cannot upon appeal complain that the specific acts constituting such negligence were not set forth.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles W. Haswell for Appellant.

Hankins & Hankins for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $583. The action was to recover for the amount of damages caused to plaintiff's

---

1. Effect of speed and application of speed regulations on liability for collision between automobiles, or an automobile and another vehicle at or near corner of streets or highways, note, L. R. A. 1916A, 747.

Speed of automobiles as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.

automobile by reason of a collision between it and the defendant's automobile. The cause was submitted to the court sitting without a jury.

On May 29, 1918, plaintiff was operating his automobile in a northerly direction on the east side of Potrero Avenue, in the city and county of San Francisco. According to plaintiff's testimony, at the time he reached the intersection of Twenty-third Street and Potrero Avenue he saw a street-car on Potrero Avenue, about at the middle of the intersection of the two streets, and an automobile closely following the street-car, traveling southerly. Plaintiff testified that defendant's automobile came from behind the street-car and the automobile following it; that the defendant's car came from Twenty-third Street where it intersects the west line of Potrero Avenue, and attempted to cross into Twenty-third Street where it intersects the east line of said street. (Twenty-third Street intersects Potrero Avenue on its east side at a point south of the point where it intersects said Potrero Avenue on its west side. In other words, Twenty-third Street does not run directly through Potrero Avenue at right angles, but breaks off, and in order to continue in Twenty-third Street after crossing Potrero Avenue going east, one must go a few feet south. This configuration of the streets is a necessary element in the situation presented in this case.) The cars of plaintiff and defendant were proceeding at about the same rate of speed, which was variously estimated by witnesses—but, let us say, was approximately twenty miles an hour. When defendant's car loomed into plaintiff's view it was but a few feet away from plaintiff, and, according to his testimony, "coming right at him." Both drivers then attempted to avoid a collision, the defendant by whirling his car around facing north, and driving it upon the sidewalk on Potrero Avenue and against a wall inclosing the city and county hospital, and the plaintiff by swinging to his right and on to the sidewalk on the northerly line of Twenty-third Street, dashing his car into a fire hydrant and against the wall of said city and county hospital. Plaintiff testified that the defendant's car struck his left rear fender before the cars reached the sidewalk. Both cars were damaged somewhat by the impact of the two cars, but mainly by crashing into the wall.

The appellant's main contention upon this appeal is that the plaintiff was guilty of contributory negligence, as a matter of law, by reason of the fact that the evidence shows him to have been going at the rate of twenty miles an hour. It is contended such speed of twenty miles an hour was a violation of the provisions of the state Motor Vehicle Act and of Ordinance No. 1857 of the city and county of San Francisco under the circumstances of this case and that such violation of law made plaintiff negligent *per se*. [1] It is well settled that the violation of an ordinance is conclusive evidence of negligence in this state. (*Scragg* v. *Sallee*, 24 Cal. App. 144, [140 Pac. 706].) But it is equally well settled that the principle has this limitation: "The act or omission must have contributed directly to the injury, or, however improper or illegal it may have been in the abstract, no action for damages can be founded upon it." (*Williams* v. *Southern Pac. Co.*, 173 Cal. 540, [160 Pac. 666]. See, also, *Driscoll* v. *Market St. Cable Ry. Co.*, 97 Cal. 565, [33 Am. St. Rep. 203, 32 Pac. 591]; *McKune* v. *Santa Clara V. M. & L. Co.*, 110 Cal. 486, [42 Pac. 980]; *Fenn* v. *Clark*, 11 Cal. App. 81, [103 Pac. 944]; *Stein* v. *United Railroads*, 159 Cal. 368, [113 Pac. 663].)

Plaintiff himself testified that his car was going at the rate of approximately twenty miles an hour as he approached and crossed the street where the collision took place. The state motor vehicle law provides that no person shall drive or operate a motor vehicle at a speed greater than fifteen miles an hour in approaching or traversing an intersecting highway, when the operator's view of the road or railway traffic is obstructed. Section 37 of Ordinance No. 1857 of the city and county of San Francisco provides that no person shall operate or drive a motor or other vehicle on any public highway at a greater rate of speed than ten miles an hour where the operator's or chauffeur's view of the road traffic is obstructed either upon approaching an intersecting way or in traversing a crossing or intersection of ways.

Plaintiff testified that at the time he reached the intersection of the streets, he saw a street-car on Potrero Avenue, about the middle of the intersection of the two streets, and an automobile closely following the street-car, both traveling southerly. Defendant's automobile came from behind

these two vehicles and from the left of the plaintiff and could not be seen by plaintiff until it emerged from behind the street-car, directly in the path of plaintiff. It is beyond dispute, therefore, that a street-car blocked plaintiff's view and that he was required to lessen his speed because his view of the road traffic was obstructed. This he did not do, according to his own admissions, and his failure in this regard constituted negligence on his part as a matter of law.

The further question as to whether such negligence, under the circumstances here presented, would bar a recovery is answered, we think, by the case of *Cook* v. *Miller,* 175 Cal. 497, [166 Pac. 316]. That case presented a situation where the defendant "cut across a corner" in violation of an ordinance, and the plaintiff also violated an ordinance by swerving to the right to pass a wagon, instead of to the left. The court said: "If he had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck by the motorcycle. The disobedience of the ordinance by both of them brought on this accident. It was the result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury."

[2] In the present case, if the defendant had not recklessly emerged from behind the street-car without waiting to see whether an automobile was approaching from his right, which would have the right of way, he would not have struck the plaintiff. On the other hand, if the plaintiff had slackened his speed upon approaching the crossing, where his view of the road traffic was obstructed by the street-car and automobile following it, defendant would have cleared the street before plaintiff reached the point of collision, or plaintiff would have had time and space to turn safely to his right into Twenty-third Street and thus have avoided the accident when he saw the danger impending. It appears, therefore, that the situation here is closely analogous to the facts in the case of *Cook* v. *Miller, supra,* and that the disobedience of the ordinance by both plaintiff and defendant brought about the accident, the negligence of

each being a proximate cause. Under such circumstances the plaintiff should not recover.

[3] Respondent points out that the defendant in his answer merely pleads contributory negligence in general terms, alleging: "That plaintiff was guilty of carelessness and negligence in and about the matters set forth in said complaint, and that any injuries or damages sustained by plaintiff at said time and place, if any, were proximately caused by said carelessness and negligence, and that said carelessness and negligence proximately contributed thereto." Defendant also alleged "that said accident happened solely through the carelessness and negligence of said plaintiff," and that the automobile of the plaintiff "was so negligently and carelessly run and operated by said plaintiff as to force the said automobile of said defendant upon and over the sidewalk at or near the intersection of said Potrero Avenue and said Twenty-third Street." There was no demurrer, either general or special, to this answer and cross-complaint, and plaintiff cannot, under such circumstances, upon appeal, complain that the specific acts constituting the negligence were not set forth.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 23, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court of April 25, 1921.

All the Justices concurred.