[S. F. No. 15918.   In Bank.—April 29, 1938.]

VINCENT MEINCKE, Respondent, v. OAKLAND GA-
RAGE, INC., et al., Appellants.

Charles V. Barfield for Appellants.

C. M. Walter and James R. Agee for Respondent.

James C. Purcell, as *Amicus Curiae,* on Behalf of Respond-
ent.

THE COURT.—After the decision of this case by the Dis-
trict Court of Appeal a petition for hearing was granted by
this court for the purpose of giving further consideration
to the legal position of a person who is injured while violat-
ing a city ordinance prohibiting "jay walking", we now adopt
the opinion written by Mr. Justice *pro tempore* Dooling as
the opinion of this court:

"This is an appeal from a judgment for plaintiff entered
pursuant to the verdict of a jury.  Shortly after 1 o'clock

in the morning plaintiff was walking across East Twelfth
Street in the city of Oakland near the middle of the block
between Sixth Avenue and Seventh Avenue. At a point
near the center line of the street he was struck by an auto-
mobile driven by defendant Grant. An ordinance of the
city of Oakland prohibited pedestrians crossing this highway
except at a crosswalk and plaintiff was admittedly violating
the ordinance at the time of his injury. The nearest cross-
walk was at the intersection of Sixth Avenue and Twelfth
Street, considerably over one hundred feet away. The auto-
mobile driven by Grant was proceeding easterly, had crossed
Sixth Avenue and was continuing toward Seventh Avenue at
the time of the impact.

"The principal question presented is whether plaintiff
was guilty of contributory negligence as a matter of law.
It is conceded by plaintiff that his violation of the ordinance
constituted contributory negligence as a matter of law if it
proximately contributed to the injury, but he earnestly con-
tends that the question of proximate cause was one for the
jury.

"These facts are clear: 1. That plaintiff was violat-
ing an ordinance designed to prevent the very character or
type of injury which plaintiff received; 2. That the violation
of this ordinance continued to the very moment of impact;
and 3. That the injury would not have occurred if plaintiff
had not been violating the ordinance. Under such circum-
stances there is no room for reasonable minds to differ and
plaintiff's violation of the ordinance becomes a proximate
cause of his injury as a matter of law (*Hopkins* v. *Galland
Mercantile Laundry Co.*, 218 Cal. 130 [21 Pac. (2d) 553];
*Cadwell* v. *Anschutz*, 4 Cal. (2d) 709 [52 Pac. (2d) 916];
*Leek* v. *Western Union Telegraph Co.*, 20 Cal. App. (2d)
374 [66 Pac. (2d) 1232]), unless there are facts which bring
the case within the last clear chance doctrine. (*Girdner* v.
*Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915].)

"In *Leek* v. *Western Union Telegraph Co.*, *supra*, plaintiff
was struck while crossing a street against a stop signal. The
court said:

" 'As plaintiff violated both of the foregoing provisions
by attempting to cross Pine Avenue against the stop signal
. . . she was guilty of negligence *per se;* and, since the acci-
dent would not have occurred, had plaintiff remained on

the sidewalk in obedience to the requirements of the California Vehicle Code and city ordinance of Long Beach, her negligence was one of the proximate causes of the accident, and therefore she cannot recover for her injuries.'

"Plaintiff points to testimony that defendant Grant saw him seventy-five or one hundred feet away, and turned in his direction just before the impact, as justifying a finding that defendants' negligence was the sole proximate cause of the injury. Where plaintiff's negligence continues to the moment of injury and the injury would not have occurred but for such continuing negligence, as here, plaintiff's negligence is one of the proximate causes of the injury unless the doctrine of last clear chance applies. (*Girdner* v. *Union Oil Co.,* 216 Cal. 197 [13 Pac. (2d) 915]; *Center* v. *Yellow Cab Co.,* 216 Cal. 205 [13 Pac. (2d) 918].)

"The Supreme Court states the rule clearly in *Girdner* v. *Union Oil Co., supra*:

" 'Whether or not, therefore, negligence is the proximate or remote cause is, as above stated, a question of fact in each particular case. The doctrine of continuing negligence has no application unless the negligence is the proximate cause of the injury. On the other hand, if all the elements of the last clear chance doctrine are present and plaintiff's negligence becomes remote in causation then this doctrine applies. If any one of the elements of the last clear chance doctrine is absent, then plaintiff's negligence remains the proximate cause, and bars recovery. But the continuous negligence rule does not apply to a situation in which the last clear chance rule, by the presence of its own elements, is brought into operation. Where these necessary elements are lacking, courts have declared and rightfully so, that plaintiff's negligence being continuous and contributory with that of defendant bars a recovery. . . .

" 'The element of continual negligence is present in all last-chance cases. If defendant is not able to avoid injuring plaintiff in the exercise of ordinary care, the plaintiff's original negligence continues to be the proximate cause of his own injury, which bars recovery. If, on the other hand, defendant is able to avoid injuring the negligent plaintiff, and negligently fails to do so, plaintiff's original though continuing negligence only remotely contributes to the injury and is not the proximate cause thereof, and hence the applied

doctrine by its own principles, establishes the right of plaintiff to recover notwithstanding the fact that his original negligence would, by its continuing nature, bar a recovery if the doctrine were not applicable. . . .

" 'The real question to be determined in considering cases of the character of the one here involved is whether or not the so-called continuing negligence is the proximate or remote cause of the injury which question is determined by the application of the principles of the doctrine of the last clear chance itself. . . . When the doctrine applies, plaintiff's negligence becomes remote rather than proximate in causation. If it does not apply, his negligence remains proximate in its causation and will bar his recovery.'

"We have quoted thus at length from the Girdner case because some of the cases seem to leave in confusion the doctrine of proximate cause in cases where plaintiff is himself continuously negligent to the moment of injury.

"The true rule would seem to be, as deduced from the above cited cases, that if plaintiff is himself guilty of continuing negligence without which the injury would not have occurred, and if as a person of ordinary prudence he should have foreseen that an injury of that character would be likely to result from his negligence, his continuing negligence is a proximate cause of his injury and will bar a recovery, unless the doctrine of last clear chance supervenes to make his negligence a remote rather than a proximate cause. (See on the question of foreseeableness as an element in proximate cause where the negligence of another concurs to produce the injury, *Rauch* v. *Southern California Gas Co.*, 96 Cal. App. 250, 255 et seq. [273 Pac. 1111]; *Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366, 374, 375 [274 Pac. 544].) Where the negligence of the plaintiff consists in the violation of a statute or ordinance designed to prevent casualties of the very sort which follows, he must be held as a person of ordinary prudence to have foreseen that the violation of the law enacted to avoid the happening of such a casualty might reasonably result in the casualty's occurrence. To hold otherwise would be to largely nullify laws which are adopted for the safeguarding of the public from types of injury which are of such frequent recurrence as to lead legislative bodies to adopt regulatory measures to prevent them.

"No instructions were proposed in this case, and hence none given, on the doctrine of last clear chance. Wanting such instructions the verdict cannot, under the facts, be supported on the ground that plaintiff's continuing negligence in violating the ordinance was a remote cause rather than a proximate one."

The judgment is reversed.

Rehearing denied. Houser, J., voted for a rehearing.