[Civ. No. 19424.   First Dist., Div. Two.   Apr. 13, 1961.]

MANUEL VALERIO, Appellant, v. MILOVAN JAHURA, Respondent.

Watson & Tedesco, Vincent N. Tedesco, Rea, Frasse, Anastasi, Clark & Chapman and William G. Clark for Appellant.

Hoge, Fenton, Jones & Appel, John W. Appel and Robert O. Angle for Respondent.

STONE, J. pro tem.*—Plaintiff was a guest passenger in an automobile that collided with a car owned and driven by the defendant. A jury brought in a verdict for defendant, a judgment followed, and plaintiff appeals.

Both vehicles involved were traveling south on Mathilda Avenue in Santa Clara County. The car in which plaintiff was riding was in the lead, with defendant one or two car lengths to the rear, both vehicles traveling about 20 miles per hour. As the vehicles approached the Maude Avenue intersection, each was properly on the right hand side of Mathilda Avenue, a two-lane street, one lane for each direction of traffic. Near the approach to Maude Avenue there was a double white line down the middle of Mathilda Avenue. Defendant, wishing to make a left turn from Mathilda onto Maude, drove over the double line and into the left or northbound lane. He was then some two car lengths from the intersection. As the cars reached the intersection defendant pulled up alongside the car in which plaintiff was riding so that the cars were side by side, with defendant in the wrong lane. Plaintiff's driver, without giving any signal, turned left into Maude Avenue and struck defendant's car which also was about to turn left. Plaintiff was injured in the accident.

The defendant denied negligence and pleaded the affirmative defenses of unavoidable accident and contributory negligence of plaintiff's driver, which he imputed to plaintiff. At the pretrial hearing defendant abandoned the affirmative defenses and the case went to trial on the issues of defendant's negligence and proximate cause.

*Assigned by Chairman of Judicial Council.

Plaintiff appeals on the sole ground that there was no substantial evidence to support the defense verdict and judgment. He argues that not only was the defendant negligent as a matter of law, but that also as a matter of law his negligence was a proximate cause of the accident. ██ There can be no question about defendant's negligence. He testified that he crossed the double line "10, maybe 20 feet" before reaching the intersection. Admittedly, he was in the wrong lane when he pulled abreast of plaintiff's car. By driving in this manner, defendant violated the following three California Vehicle Code sections then in effect: section 525.2, which provides that no driver of a vehicle shall cross a double white line except at an intersection or when turning into a private driveway; section 530, subdivision (b), paragraph 2, which provides that no vehicle shall be driven to the left side of the roadway when approaching within 100 feet of an intersection; section 540, subdivision (b), which provides that a driver intending to turn left at an intersection ". . . shall approach the intersection in the extreme left-hand lane *lawfully available* to traffic moving in the direction of travel of such vehicle and *after* entering the intersection the left turn shall be made. . . ." (Emphasis supplied.)

Defendant introduced no evidence tending to show in the slightest degree that when he violated the foregoing Vehicle Code sections "he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (*Alarid* v. *Vanier,* 50 Cal.2d 617, 624 [327 P.2d 897].)

██ Defendant tacitly concedes his negligence inasmuch as his brief dwells primarily on the question of proximate cause, which he argues is a question of fact for the jury and that an appellate court should not attempt to reweigh the evidence. In support of his position, respondent cites comment (a) to section 453 of the Restatement of Torts (quoted with approval in *McEvoy* v. *American Pool Corp.,* 32 Cal.2d 295, 299 [195 P.2d 783]; and in *Fowler* v. *Callis,* 159 Cal.App.2d 746, 750 [324 P.2d 728]):

" 'If . . . the negligent character of the third person's intervening act or the reasonable foreseeability of its being done is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury.' "

We have no quarrel with this statement of the law. Rather, we believe it demonstrates defendant's liability under the facts of the case, since the unfortunate results of his actions were so readily foreseeable that no question of fact was left for the determination of the jury. The dangerous consequences of a driver's pulling alongside another vehicle on the left side and in the wrong lane at the approach to an intersection are so evident that the legislature prohibited the practice by enacting the Vehicle Code sections referred to above. Furthermore, defendant was in the process of illegally passing in the wrong lane and over the double line at the very instant the collision occurred. How then could the negligence of plaintiff's driver be the sole proximate cause of the accident? Since defendant's negligence involved the violation of three statutes without excuse, which violations continued and were operating at the very moment of impact, his conduct not only constituted negligence but as a matter of law was a proximate cause of the accident. Defendant argues that the evidence indicates that plaintiff's driver violated the law by not looking and by turning left before actually reaching the intersection, cutting the corner by perhaps 10 feet. If true, the negligence of plaintiff's driver, including statute violations, did not negative defendant's statutory violations which were concurring proximate causes of the accident.

Under similar facts the courts have so held. In *Cook* v. *Miller,* 175 Cal. 497 [166 P. 316], both plaintiff and defendant drivers were violating traffic regulations at the time an accident occurred, and the court held at page 500:

"The defendant was under no necessity of 'cutting across the corner.' The ordinance required him to go around to the right of the intersection, and it was legal negligence for him to do otherwise under the circumstances (*Cragg* v. *Los Angeles Trust Co.,* 154 Cal. [663] 667 [16 Ann.Cas. 1061, 98 P. 1063] ; *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 519 [98 Am.St.Rep. 85, 63 L.R.A. 238, 74 P. 15].) The plaintiff was also violating the ordinance in swerving to the right to pass the laundry wagon instead of to the left. The field, he said, was clear, except for the laundry wagon, at the time he started to make the swerve. If he had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck by the motorcycle. The disobedience of the ordinance by both of them brought on this accident. It was the

result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury."

■ A later case, *Hudgins* v. *Standard Oil Co.*, 5 Cal. App.2d 618 [43 P.2d 597], adopted the principle enunciated in the Cook case, and laid down the following rule at page 622:

"It is the general rule that where a collision occurs between two vehicles, each violating an ordinance or other regulations, the concurrent negligence of each is held to be the proximate cause of the accident and neither can recover from the other."

We believe the rule quoted controls the case before us; that defendant was guilty of negligence as a matter of law; that said negligence was a proximate cause of the accident as a matter of law (*Berges* v. *Guthrie*, 51 Cal.App. 547, 550 [197 P. 356]; *Traylen* v. *Citraro*, 112 Cal.App. 172, 176 [297 P. 649]; *Solko* v. *Jones*, 117 Cal.App. 372, 378 [3 P.2d 1028]).

The judgment is reversed.

Draper, Acting P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied May 12, 1961, and respondent's petition for a hearing by the Supreme Court was denied June 6, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.