[Civ. No. 6730. Fourth Dist. Apr. 12, 1962.]

HOWARD E. SHOEMAKER, Individually and as Guardian, etc., Plaintiffs and Appellants, v. STATE OF CALIFORNIA, Defendant and Appellant.

Schall, Nielsen & Boudreau, W. J. Schall, Leland C. Nielsen and Maurice V. Boudreau for Plaintiffs and Appellants.

Higgs, Fletcher & Mack, Henry Pitts Mack and Edward M. Wright for Defendant and Appellant.

COUGHLIN, J.—In this action to recover damages for personal injuries arising out of an automobile accident, after verdict and judgment in favor of the defendant [appellant and cross-respondent herein], the plaintiffs [respondents and cross-appellants herein], moved for a new trial; their motion was granted upon the ground, among others, that the evidence was insufficient to support the verdict; and the defendant appeals, contending that the evidence establishes the defense of contributory negligence as a matter of law. This contention raises the determinative issue on appeal.

In compliance with the governing rule, the evidence will be stated most favorably in support of the order granting the motion. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].) On the morning of June 6, 1959, a head-on collision occurred between an automobile driven by the plaintiff, Lucille Shoemaker, and an automobile driven by Officer Carrington of the California Highway Patrol, an employee of the defendant. The locale of this collision was Murphy Canyon Road, a winding, north-south, two-lane, rural highway divided by a broken white line. Immediately prior to the accident the plaintiff automobile, a red Buick, was one of several automobiles proceeding southerly; was preceded by two automobiles; was followed by two other automobiles; was traveling at about 40 miles per hour; started to pass the automobile in front; its driver apparently noticed the oncoming defendant automobile, and started back to its right side of the highway, but before this maneuver was completed the accident occurred. The defendant automobile was proceeding northerly at a high rate of speed; came around a curve to its left; veered to the right onto the shoulder and close to the bank, a maneuver apparently made to avoid a southbound, neutral-colored automobile which then was 300 or 400 feet away in the north

lane;[1] its rear wheels started to drag sideways to the right; was brought back upon the paved portion of the roadway; crossed the northbound lane thereof in a northwesterly direction; and collided with the plaintiff automobile. At the time in question the driver of the defendant automobile, Officer Carrington, was on his way to the scene of an accident outside of his territory involving another officer; at one point was traveling at an estimated speed of 80 miles per hour; at the time of impact was going between 60 and 65 miles per hour; after the impact which demolished plaintiffs' automobile, traveled a distance of 480 feet before coming to a stop; did not see the red Buick when the neutral-colored car came into view, nor until he started traveling northwesterly across the highway; did not put on his brakes; and made very little effort to slow down, although his speed was retarded by the swerving movement of his automobile.

The evidence supports the conclusion that the neutral-colored car was the first of the two automobiles which preceded the plaintiff automobile; that when the plaintiff driver started to pass the car immediately in front of her the defendant automobile could not be seen nor heard; and that when the officer first saw the neutral-colored car the plaintiffs' automobile was 600 feet away.

The position of the two automobiles at the time of impact was a subject of substantial disagreement. The defendant contends that even though the plaintiffs' version of the position of their car at the time of impact be accepted, it was 2½ inches over the center of the highway into the northbound lane, i.e., the defendant's lane; that this fact appears without contradiction; that this evidence establishes the violation of an applicable statute and constitutes a prima facie showing of negligence; that there is no evidence in conflict with such showing; and, therefore, the proof establishes negligence upon the part of the plaintiff driver as a matter of law. The defendant also contends that this negligence, under the circumstances, proximately contributed to the accident as a matter of law. The plaintiffs contend that the evidence in question places their car only one-half inch in the defendant's lane of traffic; places the defendant's automobile 23 inches into the southbound lane, i.e., their lane; that the plaintiff driver was not negligent as a matter of law; and that, even if negligent,

---

[1]Plaintiffs argue that by reference to a map in evidence, this distance was 500 feet.

the evidence does not establish, as a matter of law, that her negligence proximately contributed to the collision.

As a result of injuries sustained in the accident, the plaintiff driver had no recollection of the events in question. This fact effects application of the presumption that she exercised due care. However, the plaintiffs produced the testimony which would support the conclusion that their car, at the time of impact, was 2½ inches over the center line. Relying on this circumstance, the defendant claims that the presumption of due care has been dispelled as a matter of law.

The driver of an automobile who is unable to testify by reason of loss of memory is entitled to the benefit of the presumption that he exercised ordinary care for his own concerns, except that if a "fact proved by uncontradicted testimony produced by the party seeking to invoke the presumption, 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption . . . the latter is dispelled and disappears from the case.' " (*Gigliotti* v. *Nunes,* 45 Cal.2d 85, 92-93 [286 P.2d 809].) The application of this rule requires a determination as to whether the evidence produced by the plaintiffs establishes without contradiction a fact or facts which are wholly irreconcilable with the presumption that the plaintiff driver exercised due care. In this regard, the defendant directs attention to certain provisions of the Vehicle Code as they existed at the time of the accident, i.e., section 530 [now § 21751], which provided:

"Except when a roadway has been divided into three traffic lanes, no vehicle shall be driven to the left side of the center line of a roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction"; claims that the evidence produced by the plaintiffs shows that at the time of impact the plaintiff driver had not returned to her right side of the roadway and thus establishes a violation of the code section in question; contends that this violation raised a presumption of negligence which, until refuted by proof of justification or excuse, was con-

clusive evidence of negligence per se; cites the decisions in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 588 [177 P.2d 279], *Jolley* v. *Clemens*, 28 Cal.App.2d 55, 68 [82 P.2d 51], and *Parker* v. *Auschwitz*, 7 Cal.App.2d 693, 696 [47 P.2d 341], in support of this position; further contends that the plaintiffs had the burden of proving justification or excuse, that they did not show such, and that the presumption of due care thus was dispelled; and concludes that the evidence of violation was uncontradicted proof that the plaintiff driver was negligent. ■ The applicable rule is that the violation of a statute raises a presumption of negligence which may be overcome by evidence of justification or excuse (*Alarid* v. *Vanier*, 50 Cal.2d 617, 621 [327 P.2d 897]; *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 9 [271 P.2d 34]; *Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1]) showing that the violator "did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (*Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 624.) ■ "In the application of this rule each violation of a statutory requirement must be considered in connection with the surrounding circumstances." (*Satterlee* v. *Orange Glenn School Dist., supra,* 29 Cal.2d 581, 590.) ■ The error in defendant's argument lies in a restrictive application of the rules relied upon. The presumption of due care is dispelled only when the person relying thereon produces uncontradicted evidence of a fact or facts which are "wholly irreconcilable" with his exercise of such care. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 736 [306 P.2d 432]; *Gigliotti* v. *Nunes, supra,* 45 Cal.2d 85, 93; *Lovett* v. *Hitchcock,* 192 Cal.App.2d 806, 809 [14 Cal.Rptr. 117].) The uncontradicted evidence to which defendant directs attention establishes only that the plaintiff driver was on the wrong side of the highway at the time of the accident and did not establish that she had not exercised due care under the rules heretofore considered. The violation of the statute upon which the defendant relies, i.e., former section 530 of the Vehicle Code, raises only a presumption of negligence which might be overcome by proof that under the circumstances the plaintiff driver had acted as a reasonably prudent person desiring to comply with the law. Evidence establishing that she had violated the law was proof only of one circumstance, the effect of which might be altered by other circumstances in determining whether due care had been exercised. Ordinarily, the issue thus presented is one

of fact. (*Satterlee* v. *Orange Glenn School Dist., supra,* 29 Cal.2d 581, 590.) Even disregarding the effect which the presumption of due care might have on the showing of justification and excuse, there is ample evidence in the instant case to sustain a finding that the violation in question did not constitute negligent conduct. The trial judge, in ruling upon the motion for a new trial, was entitled to conclude that at the time the plaintiff driver started to pass the car in front of her, the defendant could not be seen nor heard; that her efforts to return to her side of the highway comported with the exercise of due care; that the speed, failure to slow down, and unusual maneuvers of the defendant automobile precipitated a dangerous occasion not reasonably to be anticipated; and that, under the circumstances, the presumption of negligence attaching to the violation in question was rebutted. There is nothing in the case of *Gruss* v. *Coast Transport, Inc.,* 154 Cal.App.2d 85 [315 P.2d 339], cited by the defendant which conflicts with this determination.

The issue of proximate cause, under the evidence in this case, also was one of fact and not of law. The evidence supports the conclusion that the defendant automobile struck the plaintiff automobile at an angle; that it was proceeding in a northwesterly direction across the highway; that at the time of impact it was 23 inches into the southbound lane; that even though the plaintiff automobile had been entirely in the latter lane, the accident nevertheless would have happened (see *Lick* v. *Madden,* 36 Cal. 208, 213-214 [95 Am.Dec. 175]; *Gett* v. *Pacific Gas & Electric Co.,* 192 Cal. 621, 628-629 [221 P. 376]; *Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290, 296-297 [244 P. 1077]; Rest., Torts, § 432); that the reason for the course of the defendant automobile was the negligent conduct of its driver; and that its high rate of speed, the maneuvering off the pavement onto the shoulder, its rear-end drag or skid, and the failure to apply any braking action, constituted the sole proximate cause of the ensuing collision. Under these circumstances, the trier of fact could have concluded that any negligence of the plaintiff driver did not proximately contribute to her injuries. (Generally see *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826].) The cases relied upon by the defendant, i.e., *Meincke* v. *Oakland Garage, Inc.,* 11 Cal.2d 255 [79 P.2d 91] and *Valerio* v. *Jahura,* 191 Cal.App.2d 159 [12 Cal.Rptr. 296], involve factually different situations, and the rulings therein are not controlling in the case at bar.

▉ Ordinarily the issues presented by the defense of contributory negligence present questions of "mixed fact and law and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented." (*Gray* v. *Brinkerhoff*, 41 Cal.2d 180, 183 [258 P.2d 834]; *Callahan* v. *Gray*, 44 Cal.2d 107, 111 [279 P.2d 963]; *Hudson* v. *Rainville*, 46 Cal.2d 474, 477 [297 P.2d 434].) ▉ The instant case falls within the rule as stated. There was substantinal evidence from which the trier of fact was entitled to find that the defendant driver was negligent and that this negligence was a proximate cause of the accident; that the plaintiff driver was not negligent; or if she was negligent, that her negligence was not a proximate cause of the ensuing collision. Under these circumstances, the order granting a new trial must be affirmed. (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358 [170 P.2d 465]; *Goff* v. *Doctors General Hospital*, 166 Cal.App.2d 314, 317 [333 P.2d 29].)

In view of this decision, other questions presented by and argued in the briefs need not be considered. The plaintiffs filed what they termed a "cross-appeal" from the judgment. The judgment has been set aside by the order granting the motion for a new trial and the appeal therefrom should be dismissed.

The order granting a new trial is affirmed and the appeal from the judgment is dismissed. The respondents Shoemaker will recover costs on appeal.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied May 1, 1962, and the petition of defendant and appellant for a hearing by the Supreme Court was denied June 4, 1962.