[Civ. No. 25686. First Dist., Div. One. Mar. 31, 1970.]

ROSALEE WHINERY et al., Plaintiffs and Appellants, v.
SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

**COUNSEL**

Bostwick & Rowe and Everett P. Rowe for Plaintiffs and Appellants.

Hoge, Fenton, Jones & Appel, Edwin D. Jones, Jr., and Charles H. Brock for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—Plaintiffs, the widow and three children of Albert Whinery, deceased, have appealed from a judgment based on a jury verdict, and from an order denying a motion for judgment notwithstanding the verdict, in an action brought by them against defendant Southern Pacific Company for damages for the wrongful death of the deceased.

The material facts are conceded. Deceased was a passenger in his employer's truck which was being driven by a fellow employee. While crossing railroad tracks in the City of Gilroy the truck was struck by a train operated by the Southern Pacific Company. Deceased died instantly in the collision. The train was traveling at a speed of 55 miles per hour. An ordinance of

the City of Gilroy provided that it was unlawful for a railroad train to travel at a speed over 35 miles per hour within the corporate limits of that city. No legal excuse was offered by the railroad company for the speed violation.

At the close of the trial plaintiffs moved that the jury be directed to return a verdict in their favor on the issue of liability. The motion was denied. The court then instructed the jury, inter alia, that the negligence, if any, of the truck's driver could not be imputed to deceased, that as a matter of law deceased was not guilty of contributory negligence, and that since the defendant railroad company had operated its train in excess of the permitted speed it was guilty of negligence per se. The jury were then instructed that *the violation of the ordinance was of no consequence unless they found it to be a proximate cause of the death of decedent.* The jury, as we have indicated, returned a defense verdict.

Plaintiffs correctly point out that the subject ordinance of the City of Gilroy was obviously designed to prevent railroad trains from colliding with persons or vehicles crossing the railroad right-of-way. They contend, *as a matter of law,* that defendant's negligence in violating the ordinance was a proximate cause of the accident and of decedent's death. This being so, they insist that no factual issue remained on the question of liability, and that therefore the court erred (1) in not granting their motion for a directed verdict on that issue, and (2) in instructing the jury that the violation of the ordinance was of no consequence unless they found it to be a proximate-cause of decedent's death.

Of course the railroad company's speed violation alone, although negligence as a matter of law, created no liability. (*Nunneley* v. *Edgar Hotel,* 36 Cal.2d 493, 498 [225 P.2d 497].) For plaintiffs to recover, such negligence must also have been a proximate cause of the accident and decedent's death. (*Hickenbottom* v. *Jeppeson,* 144 Cal.App.2d 115, 120 [300 P.2d 689].) However, it is well settled that the question of proximate cause, like those of negligence and contributory negligence, becomes one of law where the facts are uncontroverted and only one deduction or inference may reasonably be drawn therefrom. (*Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 590 [177 P.2d 279]; *Rodriguez* v. *City of Los Angeles,* 171 Cal.App.2d 761, 770 [341 P.2d 410]; *Rosa* v. *Pacific Gas & Elec. Co.,* 133 Cal.App.2d 672, 674 [284 P.2d 844].)

The court in *Meincke* v. *Oakland Garage, Inc.,* 11 Cal.2d 255 [79 P.2d 91], considered a factual situation where (1) a party was violating an ordinance designed to prevent the very type of injury suffered; (2) the violation continued to the very moment of impact; and (3) the injury would not have occurred but for the violation of the ordinance. The court said (p. 256):

"Under such circumstances there is no room for reasonable minds to differ and [the] violation of the ordinance becomes a proximate cause of [the] injury as a matter of law."

Although defendant does not expressly agree, it is clear that the first requirement of *Meincke* v. *Oakland Garage, Inc., supra,*—violation of an ordinance designed to prevent collisions—is present here. The second factor also appears; the violation continued to the instant of the collision. It is the issue of the existence of the third—that the collision would not have occurred but for the violation—that defendant insists was properly left to the jury. The argument seems to be that the jury could reasonably have found that the accident might nevertheless have happened even if the train were traveling at the speed limit of 35 miles per hour or some lesser speed. We disagree.

The train was traveling 55 miles per hour at the intersection, where it did collide with the automobile. Had it been traveling 35 miles per hour through Gilroy it necessarily would have been a substantial distance from the track intersection at the critical time and the accident would not have occurred. But it is suggested that having time schedules to meet, the train would have started sooner and might still have been at the intersection as decedent's employer's truck crossed. Counter argument might be that the truck driver could then have seen the train in time to avoid the accident or that the reduced speed might not have caused decedent's injuries or death. Jurors may not reasonably be required to engage in such metaphysical speculation as to causation. Their decisions must be based on evidence and on *reasonable* inferences drawn therefrom. Here the train traveling at 55 miles per hour was a cause *in fact* of the collision. In such a situation, the other requirements of *Meincke* v. *Oakland Garage, Inc.,* being present, the speed violation was also a cause *in law,* i.e., a proximate cause.

Responding to a somewhat similar argument, the court in *Umnus* v. *Wisconsin Public Service Corp.,* 260 Wis. 433 [51 N.W.2d 42, 45], wrote: "Of course it can seldom be demonstrated to a mathematical certainty that the victim would not in some way manage to get into trouble even if the other party had performed the duty to provide safeguards, but it is not required that evidence be carried to the point of proof that the safety device would certainly have prevented the accident and, conversely, that its absence certainly caused it. Leaving contributory negligence out of the question for the moment, our decisions, and those of other jurisdictions over the years, demonstrate that when one owing a duty to make a place or an employment safe fails to do it and that accident occurs which performance of the duty was designed to prevent, then the law presumes that the damage resulted from, —was caused by—the failure. The presumption

may be rebutted, but if not rebutted by evidence, the plaintiff has met his burden of proof. '. . . If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the nonobservance of the law. . . .' . . . ."

A leading case in California on the instant question is *Traylen* v. *Citraro*, 112 Cal.App. 172 [297 P. 649]. There plaintiff Traylen was a passenger in one of two automobiles which collided in an intersection. She recovered judgment against both drivers. Both vehicles at the time of impact were traveling in excess of the statutory speed limit; accordingly each driver was guilty of negligence as a matter of law. On appeal a question was presented whether such *negligence, as a matter of law,* proximately caused the accident. The appellate court held that it did, stating (pp. 175-176): "[I]t is well settled that the question of proximate cause, like those of negligence and contributory negligence, becomes one of law where the facts are uncontroverted and only one deduction or inference is deducible therefrom. . . . And in the present case it would appear as a mathematical certainty that if either defendant had been traveling across the intersection within the statutory speed limit, or had slackened his speed after having seen the approach of the other, the two machines would not have reached the same point at the same time and consequently there would have been no collision. In other words, it was a clear case of concurrent negligence wherein the evidence shows beyond any reasonable inference to the contrary that the negligence of each defendant contributed proximately to the happening of the accident. In this regard the case is the same in principle as *Cook* v. *Miller,* 175 Cal. 497 [166 Pac. 316, 317], and *Berges* v. *Guthrie,* 51 Cal.App. 547 [197 Pac. 356, 357], which holds that where, as here, a collision occurs between two automobiles while the respective drivers thereof are violating the statutory traffic regulations, and would not have occurred had either of them observed the provision of the statute, the accident is the result of their concurrent negligence and the negligence of each is the proximate cause thereof. In the present case, therefor, the issue of proximate cause was one of law, . . . [P. 177] [I]n the present case if Citraro had been traveling across the intersection at the lawful rate of speed of 15 miles an hour, or had reduced his speed to the lawful rate upon seeing the rapid approach of the Pratt machine, he would not have reached the pathway of the Pratt machine and consequently would not have been struck thereby; or if Pratt had been traveling at a lawful rate of speed, or had applied his brakes with full force upon seeing Citraro enter the intersection he would not have struck the Citraro machine."

*Traylen* v. *Citraro, supra,* relied in part on *Cook* v. *Miller,* 175 Cal. 497 [166 P. 316]. In that case plaintiff's motorcycle, in violation of an ordinance, passed to the right instead of to the left of a laundry wagon. In

so doing, he caused his vehicle to collide with defendant's automobile which was also being negligently driven in violation of another ordinance. The Supreme Court set aside a jury verdict for plaintiff, holding as a *matter of law* that "the negligence of each was a proximate cause and each contributed to the injury." The court stated (pp. 500-501): "The plaintiff was also violating the ordinance in swerving to the right to pass the laundry wagon instead of to the left. The field, he said, was clear, except for the laundry wagon, at the time he started to make the swerve. If he had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck by the motorcycle. The disobedience of the ordinance by both of them brought on this accident. It was the result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury." *Solko* v. *Jones,* 117 Cal.App. 372, 378 [3 P.2d 1028], quoting the foregoing language of *Traylen* v. *Citraro,* followed the rule there expressed.

*Berges* v. *Guthrie, supra,* 51 Cal.App. 547, also relied upon by the court in *Traylen* v. *Citraro, supra,* concerned an intersection collision of two automobiles. Plaintiff recovered a judgment from which defendant appealed. The undisputed evidence showed plaintiff was violating a statutory speed limit at the time of the impact. The appellate court reversed, holding that plaintiff's statutory violation was a proximate cause of the accident as a *matter of law.* The court said (p. 550): "[I]f the plaintiff had slackened his speed upon approaching the crossing, where his view of the road traffic was obstructed by the street-car and automobile following it, defendant would have cleared the street before plaintiff reached the point of collision, or plaintiff would have had time and space to turn safely to his right into Twenty-third Street and thus have avoided the accident when he saw the danger impending. It appears, therefore, that the situation here is closely analogous to the facts in the case of *Cook* v. *Miller, supra,* and that the disobedience of the ordinance by both plaintiff and defendant brought about the accident, the negligence of each being a proximate cause."

In *Rosa* v. *Pacific Gas & Elec. Co.,* 133 Cal.App.2d 672 [284 P. 844], the court of appeal held that an intersection accident was, as a *matter of law,* proximately caused by a taxicab driver who was exceeding the speed limit at the time. The court said (p. 676): "If the cab driver had lessened his speed to any appreciable extent the collision would not have occurred. His failure to do so was the sole proximate cause of the plaintiff's injuries."

*Valerio* v. *Jahura,* 191 Cal.App.2d 159, 163 [12 Cal.Rptr. 296], and *Hudgins* v. *Standard Oil Co.,* 5 Cal.2d 618, 622-623 [43 P.2d 597], have

followed the same rule. Each states as follows: "It is the general rule that where a collision occurs between two vehicles, each violating an ordinance or other regulation, the concurrent negligence of each is held to be the proximate cause of the accident and neither can recover from the other." In *Valerio* v. *Jahura, supra,* the defendant, driving on the wrong side of a double white line on a two-lane street in violation of a statute and without legal excuse, continued in that manner into an intersection. There the plaintiff, traveling in the same direction, made a left turn striking defendant. Discussing this situation the court said (p. 162): "The dangerous consequences of a driver's pulling alongside another vehicle on the left side and in the wrong lane at the approach to an intersection are so evident that the legislature prohibited the practice by enacting the Vehicle Code sections referred to above. Furthermore, defendant was in the process of illegally passing in the wrong lane and over the double line at the very instant the collision occurred. How then could the negligence of plaintiff's driver be the sole proximate cause of the accident? *Since defendant's negligence involved the violation of three statutes without excuse, which violations continued and were operating at the very moment of impact, his conduct not only constituted negligence but as a matter of law was a proximate cause of the accident."* (Italics added.)

The foregoing authority impels us to the conclusion, under the undisputed facts of this case, that defendant's violation of the City of Gilroy speed limit as a matter of law proximately contributed to the collision and decedent's death. The trial court therefore erred in treating the issue of proximate cause as one of fact.

*Shoemaker* v. *State of California,* 202 Cal.App.2d 379 [20 Cal.Rptr. 812], relied upon by defendant is inapposite. In that case at the time of a collision plaintiff's car was 2½ inches over a center line. The appellate court found no negligence as a matter of law, and that there was some evidence to establish that plaintiff driver had acted as a reasonably prudent person desiring to comply with the law. It was emphasized that there was "ample evidence in the instant case to sustain a finding that the violation in question did not constitute negligent conduct." (P. 385.) Since the existence of plaintiff's negligence was a question of fact it necessarily followed, as the court stated, that it could not be said as a matter of law the negligence of plaintiff proximately caused the accident. In the case at bench the trial court properly found defendant's ordinance violation to be negligence as a matter of law.

The judgment is reversed; the appeal from the order denying the motion

for judgment notwithstanding the verdict now being moot, such appeal is dismissed. The cause will be retried on the issue of damages alone. Appellants will have their costs on appeal.

Molinari, P. J., and Sims, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 24, 1970. Wright, C. J., Burke, J., and Sullivan, J., were of the opinion that the petition should be granted.