[Civ. No. 11427.   First Appellate District, Division Two.—October 21, 1940.]

ELLA PERKINS, as Administratrix, etc., Appellant, v. F. BRUCE MAIDEN, Respondent.

Edw. R. Solinsky for Appellant.

George M. Naus for Respondent.

STURTEVANT, J.—As administratrix of the estate of F. W. Perkins, deceased, the plaintiff sued the defendant to recover a judgment for $5,000. The defendant answered and the action was tried by the trial court sitting without a jury. When the plaintiff had rested her case, on the motion of the defendant the trial court ordered a nonsuit. The plaintiff made a motion for a new trial, the motion was denied, and the plaintiff has appealed.

The order of nonsuit was entered on January 15, 1940, the day it was announced. On January 17, 1940, the defendant prepared a formal judgment of nonsuit, had it signed by the judge of the trial court, and later, on the same day, caused it to be entered. In preparing her notice of appeal the plaintiff recited therein that she appealed " . . . from the judgment of nonsuit made and entered by the above entitled court in the above entitled action on the 17th day of January, 1940 . . . " The defendant makes a preliminary objection to this hearing claiming the " . . . oral pronouncement of the court when entered into the minutes amounted to an order or judgment of nonsuit on January 15, 1940 . . . " and therefore there is a defect in the record affecting the appellate jurisdiction of this court. We think the objection has no merit. (*Schrimsher* v. *Reliance Rock Co.,* 1 Cal. App. (2d) 382, 390 [36 Pac. (2d) 688].)

The plaintiff claims the trial court's order was erroneously made. She makes two different attacks. Each attack is based on a separate set of facts. We will discuss the two attacks separately. In her first attack she claims she had introduced evidence which made a *prima facie* case to the

effect that the defendant was liable to her on an express trust. In that connection she calls to our attention the following facts. In her complaint she alleged: "That on or about the 7th day of October, 1920, in the City of Oakland, Alameda County, State of California, said F. W. Perkins delivered to defendant the sum of $5,000." That allegation was admitted by the defendant's answer. Except as will be noted defendant has not repaid said sum. On January 31, 1934, defendant wrote to deceased: "For some time past I have had difficulty in *maintaining* the interest rate on *your* money. As you know in times past, when things were active, money could be used to greater advantage. Money is harder to get now than ever, still *inactivity has reduced interest rates everywhere*. I have, therefore, had to reduce the interest to $60.00 per month in place of $75.00 per month, as formerly. This will make your check on February 1, 1934, $120.00 in place of $150.00. Also in the future it will be more convenient to pay the $60.00 each month instead of every other month. *If this is agreeable to you, kindly send your check book each month to Mrs. Ingham and she will take care of the matter as usual.*" Under defendant's directions his secretary wrote plaintiff's daughter on November 20, 1935, a letter containing the following passages:

"In reply to Mrs. Perkins' letter, *Mr. Maiden directed me* to deposit in her account $25.00, duplicate deposit slip for which is herewith.

"*Mr. Maiden asked me to inform you* that the $75.00 per month which was paid to the Perkins account until January 1, 1934, the $60.00 per month which was paid until January 1, 1935, and the $50.00 per month which was paid from then until now has provided six per cent interest on the Five Thousand Dollars placed with Mr. Maiden; and in addition to this interest, has provided approximately Twelve Thousand Dollars. This means that the Five Thousand Dollars has been repaid twice over with Two Thousand Dollars to spare.

"*Mr. Maiden has instructed me* to deposit $25.00 each month to Mrs. Perkins' account until he gives me further orders." Numerous payments were made, but no payment was shown to be on the principal. On the other hand there are in the record passages in which such payments are by the defendant branded as "interest". Moreover there is direct evidence in the record that the said $5,000 was to be repaid

to the decedent. These facts made a *prima facie* case. ■
The defendant calls to our attention that there are other facts
contained in the record. That is true. But the matter be-
fore the court is a ruling on a motion for a nonsuit. We
are not permitted to argue the inconsistencies. That may
properly be done only after all of the evidence of both parties
has been presented and both parties have rested. At this
time every inference and presumption and every fact proved
must be viewed most favorably in behalf of the plaintiff.
(*Gregg* v. *Western Pacific R. R. Co.*, 193 Cal. 212, 216 [223
Pac. 553].)

■ In her second attack the plaintiff contends that she
also proved a *prima facie* cause of action on a promissory
note. That note is as follows: "Oakland, California,
"$5,000.00                              October 7th, 1920

"One day after date, for value received, I promise to pay
to the order of F. W. Perkins at the Central National Bank
of Oakland, at its banking house in Oakland, California, Five
Thousand and 00/100 . . . Dollars, in U. S. Gold Coin of
the present standard, with interest in like gold coin from date
until paid at the rate of 12 per cent per annum, payable
monthly, and in case suit is instituted to collect this note or
any portion thereof, I promise to pay such additional sum as
the court may adjudge reasonable as attorneys' fees in said
suit.
No. .... Due .... F. Bruce Maiden".

In connection therewith she calls to our attention the con-
tents of the letter hereinabove set forth dated November 20,
1935, and also the fact that this action was commenced March
16, 1939. Continuing she claims she has proved a *prima
facie* case and that the statute of limitations was tolled by
the letter last mentioned. That claim is not sustained by the
record in the following respects. True it is that the plaintiff
offered the letter dated November 20, 1935, however, the de-
fendant objected to it as evidence tolling or tending to toll
the statute of limitations. At that time both the defendant
and Mrs. Ingham, the writer of the letter, were in the court-
room but plaintiff declined to call either to the stand and
insisted on her offer of the letter. The trial court admitted
the letter in evidence for the limited purpose of establishing
payments and not as authority to toll the statute. The rul-
ing of the trial court is not challenged by the plaintiff, the

point is not briefed, and the defendant contends the point is not before this court. The defendant further contends that the order of the trial court granting the nonsuit must be reviewed on the evidence that was before the trial court and not on evidence that was excluded, or on evidence that was received for a limited purpose and now sought to be used for a different purpose. In the judgment appealed from the trial court recited that plaintiff's cause of action was barred by the provisions of subdivision 1 of section 337, Code of Civil Procedure. In so far as plaintiff claims a cause of action on said note that ruling was not incorrect.

█ As the case must be reversed because, as we have shown above, the plaintiff established a *prima facie* case on the theory of an express trust, and as a new trial must be had, it is necessary to discuss certain rulings on the rejection of evidence tendered by the plaintiff. The plaintiff and decedent had one daughter, Winte. The defendant and Winte intermarried in 1920. They were divorced in 1938. The plaintiff called Winte to the stand as a witness in behalf of plaintiff. The latter asked the witness many questions and offered to prove by the witness communications made by the defendant to his wife during the marriage. The defendant objected and all of said objections were sustained. The plaintiff contends that said rulings were erroneous. We think the point cannot be sustained. Section 1881 of the Code of Civil Procedure provides: "Sec. 1881. Confidential communications. There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases: 1. *Husband and wife.* A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, . . . " The plaintiff calls attention to the last clause, " . . . but this exception does not apply to a civil action or proceeding by one against the other, . . . " She then contends that as she was a daughter and as the plaintiff, as administratrix, was suing in behalf of the estate of the deceased, that such action was

in effect a civil action by her against the defendant. (*Savings Union Bank etc. Co.* v. *Crowley,* 176 Cal. 543 [169 Pac. 67].) That case we think is not helpful. Mrs. Crowley was suing in her own right. In the present case Ella Perkins is suing in a representative capacity. The record does not present an action by Mrs. Maiden against Mr. Maiden. The statute before us expressly recites that "there are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate . . . ". In construing said statute, section 4 of the Code of Civil Procedure provides: ". . . The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice." Giving effect to both provisions, we think the trial court did not err in sustaining the objection of the defendant.

The plaintiff also called as a witness the defendant. She propounded to him certain questions attempting to prove communications made by him to his wife during the period of their marriage. The defendant objected and relied on the provisions of section 1881, *supra.* The trial court sustained the objection. The reasoning stated in the last paragraph is applicable. That reasoning is reinforced by the statutory recital " . . . nor can either, during the marriage *or afterward,* be, without the consent of the other, examined as to any communication made by one to the other during the marriage . . . ".

The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with what has been said above.

Nourse, P. J., concurred.