[Civ. No. 19098. First Dist., Div. Two. June 15, 1961.]

LILLIAN C. McCORMACK, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

Dion R. Holm, City Attorney, and George P. Agnost, Deputy City Attorney, for Appellant.

Hoberg, Finger, Brown & Abramson for Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment rendered on a jury verdict in favor of the respondent, Lillian C. McCormack, in the amount of $6,500 for personal injuries sustained in an accident involving a municipal bus owned by the appellant, city and county of San Francisco, and operated by its employee. Appellant argues that the trial court erroneously interfered with the functions of the jury and committed further prejudicial errors in its instructions to the jury. There is no merit in any of these contentions.

The accident occurred about 5 p.m. on November 26, 1957, at the intersection of 6th Avenue and Clement Street in San Francisco. As is usual in this type of litigation, the respective versions of the accident are in irreconcilable conflict and there is conflicting evidence on all salient points. The respondent, a 71-year-old widow, testified that she was on her way home at 430-34th Avenue from a downtown shopping trip. She had obtained a transfer while a passenger on a Hayes, Number 21, bus, and after leaving that bus at the 6th Avenue and Clement Street intersection, she crossed the street and immediately joined a group of people awaiting the Number 2 west-bound bus in the bus zone on Clement Street. As she was the last person in the group, she had to wait a short time while the others boarded the bus ahead of her. She placed her right foot on the first step of the entrance to the bus but could proceed no further because her way was blocked by the woman ahead of her. She was in a crouching position and just as she prepared to step off the ground with her other foot, the door closed upon her leg. The bus started up and she was dragged a distance of about 5-10 feet. Several people shouted. The driver stopped the bus, and the door was opened and her foot released. As she fell to the ground, she rolled over to the curb and was rescued by a young man. She then refused the driver's offer of an ambulance and boarded the bus. Her testimony was corroborated by two witnesses, Mrs. Simpson and Mr. Peckham, who testified that they saw the bus dragging the respondent with her foot in the door. Mrs. Simpson testified that the bus continued to move for about 35 feet after the respondent's foot was freed.

In contradiction of the respondent, the appellant's main witness, the bus driver, testified that in accordance with the rules, he had watched the door constantly before beginning to move the bus, and was certain that there was no one standing there. He knew nothing about the "alleged accident" until afterwards when a lady standing in the street told him that

she had been knocked down by the bus as she was walking. He also testified that the bus could not be moved when the doors were open or partially open, because the mechanism which opened the doors made the throttle inoperative and locked the brakes.

The first argument on appeal is that the trial court erroneously interfered with the function of the jury in determining disputed issues of fact and the credibility of appellant's witness. Appellant argues that the trial court gave erroneous instructions which took from the jury the crucial question of whether or not the carrier-passenger relationship existed and gave erroneous and misleading instructions on the subject. We cannot agree. We think the jury was properly instructed, and the matters raised by the appellant chiefly concern the credibility of the witnesses and the weight and effect to be given to the evidence. The decision upon such considerations is committed to the jury and its verdict is final and conclusive thereon (*Skulte* v. *Ahern*, 22 Cal.App.2d 460 [71 P.2d 340]). We think there is no question that respondent's evidence is sufficient to support the jury's finding of liability.

The instruction on the issue of appellant's prima facie liability, if the jury found that the respondent was a passenger, was approved in a somewhat similar fact situation in *Moeller* v. *Market St. Ry. Co.*, 27 Cal.App.2d 562, 566 [81 P.2d 475]. Appellant's complaint that the court erroneously instructed the jury that it was an insurer of its passengers is not borne out by the record which indicates that the court properly instructed the jury that the appellant was not an insurer of the absolute safety of its passengers (*McMillen* v. *Southern Pac. Co.*, 146 Cal.App.2d 216 [303 P.2d 788]).

Appellant's argument that the court interfered with the function of the jury in determining the credibility of witnesses, is based chiefly on the following discussion which ensued during the court's instructions:

"You are instructed that at the time and place of the happening of this accident there was in full force and effect Traffic Code Section 126, which reads as follows — and let me add to this instruction by saying there was in full force and effect Traffic Code Section 126 of the traffic laws of the City and County of San Francisco, that's all we are talking about as far as this instruction is concerned, the Traffic Code of San Francisco.

" 'It shall be unlawful for any person to board or alight

from a streetcar or vehicle while said streetcar or vehicle is in motion.'

"Now let me say to you, counsel, both of you, that in the Court's opinion this is not literally applicable to this case unless the Court is in error in assuming that the bus in question was standing still when the accident happened. If the bus was standing still when the accident happened, then this instruction would not be applicable because it reads, quoting the section of the Traffic Code:

.        .        .        .        .        .        .

"Mr. Agnost: Could we have a bench conference, your Honor?

"The Court: Sir?

"Mr. Agnost: I think I could—

"The Court: What is the testimony, was the bus standing still when Mrs. McCormack allegedly got injured or was it in motion?

"Mr. Abramson: The only testimony is it stopped when the—

"Mr. Agnost: The testimony was that it, immediately after the accident the bus driver stopped and she told him that she had brushed against the bus and then later on she told them she caught her foot in the door.

"The Court: I remember no such testimony that she brushed against the bus.

"Mr. Agnost: It is in the record.

"The Court: Even if there were such testimony, this instruction, 'It shall be unlawful for any person to board or alight'—it doesn't say anything about brushing against any vehicle—'to board or alight from a streetcar or vehicle while said streetcar or vehicle is in motion.' That is it. *Now, it is the Court's considered opinion that there is no testimony that this accident happened while the bus was in motion.*

"Mr. Agnost: I will stand on the record." [Emphasis supplied.]

Appellant argues that the emphasized portion quoted above, coupled with the court's earlier indication that it would not instruct on this ordinance which was later clarified in chambers unduly attacked the credibility of its witness, confused the jury, and "clearly struck from their minds any thought of applying the ordinance to the facts of the case." We cannot agree. The court properly instructed the jury to disregard its comments. The ordinance was introduced into the evidence by stipulation, and immediately after the comment complained

of, the court instructed the jury that violation of the ordinance constituted negligence *per se* and would bar the respondent's recovery.

The next argument is that the trial court erred to the prejudice of the appellant in instructing the jury on the loss of earning power because this issue was eliminated by stipulation. During the proceedings in chambers before the trial, the court said: "The plaintiff was not working at the time of the accident. Said claim has been expressly waived . . ." Appellant's argument is based on the following instruction:

". . . In estimating the amount of such damage, you may consider the physical and mental pain suffered, if any, the extent, degree and character of such mental and physical or mental pain, if any, which you believe from the evidence are reasonably certain to be suffered in the future; also the reasonable value of expenses incurred by said plaintiff, if any, for the services of physicians, surgeons, nurses, hospitals, x-rays and medicines for the treatment or relief of injuries or injury, if any, proximately caused by said accident. You have also the right to consider the value of time, if any, during which plaintiff was disabled by the injury, if you find that there was such disablement; also the health and physical condition of the plaintiff and her physical ability to maintain herself as compared with her condition afterwards; *also the effect, if any, of such injury or injuries on her capacity to engage in her usual occupation.* From all of the foregoing elements, you will resolve what sum will fairly compensate the plaintiff for the injury and loss, if any, sustained, not in excess of the amount prayed for in the complaint, namely, $15,000.00." [Emphasis supplied.]

However, the record indicates that the portion italicized above was the only reference to earning power; the court repeatedly instructed the jury to consider the plaintiff's health and physical condition, and the pain, suffering, etc., if any, as well as the plaintiff's life expectancy of 11 years. Furthermore, no evidence relating to the respondent's occupation was introduced. Rather, from the evidence of respondent's age and widowed status, the jury could infer that the respondent was a housewife, and entitled to recover damages for impairment of her ability to engage in her occupation as housewife (*Marshall* v. *Smith*, 131 Cal.App. 258 [21 P.2d 117]). Furthermore, the fact that an injured person was not employed at the time of the accident does not necessarily deprive her of the right to compensation for the loss

of her earning capacity (*Germ* v. *City & County of San Francisco*, 99 Cal.App.2d 404, 423 [222 P.2d 122]; also see *Kline* v. *Santa Barbara etc. Ry. Co.*, 150 Cal. 741 [90 P. 125]; *Davis* v. *Renton*, 113 Cal.App. 561 [298 P. 834]). We do not see how the above could in any way be considered as either erroneous or prejudicial.

There is also no merit in appellant's argument that the court in its instructions unduly emphasized respondent's evidence on the issue of contributory negligence. The record indicates that the jury was properly instructed on this matter, and the court on its own motion instructed the jury that one who is guilty of contributory negligence may not recover.

The next argument is that the trial court erred in refusing to give the appellant's proffered instruction regarding failure to produce more convincing evidence, because of the respondent's failure to call the treating physician to testify about her injuries. The proffered instruction is derived from *Leenders* v. *California Hawaiian etc. Corp.*, 59 Cal.App.2d 752 [139 P.2d 987] (see also BAJI, 4th ed., vol. 1, p. 83, 30-A), and based on the disputable presumption of subdivision 5 of section 1963 of the Code of Civil Procedure that evidence wilfully suppressed would be adverse if produced. Appellant argues that because the respondent's opening statement indicated that the treating physicians would be produced, and this was not done, the presumption of Code of Civil Procedure, section 2061, subdivision 7, arose as a matter of law, and the refusal of its proffered instruction was prejudicial error. The record shows that although the treating physician was not called, the complete hospital records were introduced and were reviewed by appellant's medical expert. However, the proffered instruction was not a substitute for an instruction on the failure to produce available stronger evidence based on Code of Civil Procedure, section 1963, subdivision 6. Appellant apparently did not offer an instruction based on the latter. We think under the circumstances, the proffered instruction was properly refused.

Appellant next argues that the trial court improperly instructed the jury regarding the doctrine of res ipsa loquitur because the instruction given made the inference of negligence mandatory instead of permissive, shifting the ultimate burden of proof, and because the court failed to give the preliminary instructions set forth in BAJI 206-A. However, the more recent view of our Supreme Court is that the inference of negligence in a res ipsa loquitur case is not

merely permissive, but a necessary deduction from the proof of certain facts (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041]). Appellant cites *Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336 [328 P.2d 45], but the error here complained of was not such as to take from the jury the determination of the facts required to give rise to the doctrine. The instruction here given was based on *Bischoff* v. *Newby's Tire Service*, 166 Cal.App.2d 563 [333 P.2d 44], wherein this court (Division One) disposed of an identical argument relating to the burden of proof at page 569. *Schoenbach* v. *Key System Transit Lines*, 168 Cal.App.2d 302 [335 P.2d 725], also cited by the appellant, is not relevant here.

We have reviewed the instructions, and are satisfied that, as a whole, they properly set out the conditions of appellant's liability. ▮▮▮ Instructions to the jury must be considered in their entirety, and one is not to be segregated from the group for the purpose of microscopically critical appraisal (*Shehtanian* v. *Kenny*, 156 Cal.App.2d 576 [319 P.2d 699]). Viewed in the light of this rule, the instructions were proper. If minor error is shown in one instruction, it was not in view of the instructions as a whole, prejudicial to the appellant.

Judgment affirmed.

Draper, J., and Shoemaker, J., concurred.