[Civ. No. 6674.   Fourth Dist.   Apr. 19, 1962.]

ELMIRA E. BANKSTON, Plaintiff and Appellant, v. ALICE E. LAUX et al., Defendants and Respondents.

Adams, Hunt, Martin & Schmidt and Ernest F. Shelander for Plaintiff and Appellant.

Clarence Sprague and Jean Wunderlich for Defendants and Respondents.

COUGHLIN, J.—The plaintiff, appellant herein, brought this action following a collision when the automobile in which she was riding was struck in the rear by an automobile driven by the defendant, respondent herein; claims that she was injured as a result of this collision; and appeals from the judgment in favor of the defendant based on a jury's verdict, contending that the evidence establishes as a matter of law that the injuries of which she complains were proximately caused by the defendant's negligence. This contention raises the only issue on appeal.

618

■ The issues of negligence and proximate cause are determinable as a matter of law only when, from the evidence presented, reasonable men following the law can draw but one conclusion. (*Hudson* v. *Rainville*, 46 Cal.2d 474, 477 [297 P.2d 434]; *Callahan* v. *Gray*, 44 Cal.2d 107, 111 [279 P.2d 963].) ■ When the sufficiency of the evidence to sustain a verdict on these issues is attacked on appeal, the evidence will be viewed in the light most favorable to the decision reached; every inference reasonably deducible therefrom which will support the verdict will be accepted, whereas those which support a contrary conclusion will be rejected; and if there is any substantial evidence, either contradicted or uncontradicted, direct or indirect, which supports the same, the judgment thereon will not be disturbed. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Church of Merciful Saviour* v. *Volunteers of America*, 184 Cal.App.2d 851, 856 [8 Cal. Rptr. 48].)

The facts in this case will be stated in accord with the foregoing rule. Immediately prior to the collision in question the subject automobiles were proceeding southerly on Placentia Avenue in Costa Mesa, approaching its intersection by Superior Street, a through highway. The plaintiff automobile, which preceded that of the defendant, came to a stop at the stop line before entering the intersection. The defendant stopped her automobile a short distance to the rear thereof. A large sedan was parked on Superior Street about a third of a block to the west of the intersection. The driver of the plaintiff automobile moved into the intersection and simultaneously the defendant moved up to and stopped at the stop line. Both cars were traveling slowly. The defendant looked to her left and right and then commenced the execution of a right turn. At this time the plaintiff automobile, which had reached the center of Superior Street, stopped very suddenly, and almost simultaneously was hit by the defendant automobile. At the time of the collision the plaintiff car was completely stopped; the impact did not cause it to move; and the plaintiff testified that her body did not then come in contact with anything, and she did not know whether it moved as a result of the impact. The damage to the plaintiff automobile was slight, consisting of a broken rear light and dented right rear fender. There was no damage to the defendant automobile.

The plaintiff also testified that the driver of the automobile in which she was riding brought it to a sudden stop because of the approach of an automobile from the west, the view of which had been obscured by the parked sedan. However, the defendant did not see any automobile come from the west.

The plaintiff relies upon certain testimony of the defendant to establish the latter's negligence as a matter of law, particularly her testimony that after making her second stop, i.e., that at the stop line, she did not look ahead of her but looked to the right and left; that she did not see the car in front of her stop; that she felt it was going to continue, but it must have stopped; and that from the time the car in front of her left its position at the limit line until the collision she never made any observation concerning it.

When being questioned about seeing the plaintiff car stop, the defendant testified that "it was all so sudden" and "it was all so very quick"; that she "naturally assumed" the car ahead of her was going to continue on but all of a sudden it did not—it stopped; that "the Buick [the automobile in which the plaintiff was riding] started up and I commenced to proceed forward, and all at once the Buick stopped and then I began to make a right turn and I hadn't realized that the Buick had stopped, so we struck"; and that "Mrs. Murphy [the driver of the plaintiff car] proceeded and it appeared to me she went about half way into the intersection, which would make her bumper about up to this line, and then I proceeded and it appeared to me that Mrs. Murphy was going to proceed forward and so then I began to turn, make my turn to the right."

■■■ The plaintiff contends that the defendant's failure to look ahead after she had stopped at the stop line constituted negligence as a matter of law.

The testimony of the defendant, part of which has been outlined above, was of such a nature as to require an interpretation and evaluation in the light of all the circumstances. In this regard it must be noted that although she testified that at the time she stopped at the stop line the two cars were only a foot apart, she also testified that this distance related to the distance between the two cars when they first came to a stop rather than when she was at the stop line and, further, that they were a car length apart. In either event she would have had to be looking ahead to ascertain this fact. In arriving at a decision, the jury was entitled to disregard the foregoing testimony of the defendant and accept as undetermined the

distance between the two cars when the defendant proceeded forward or, from other evidence, infer that the distance in question was not a fact detrimental to her contention that she exercised due care in the premises. Whether, as a reasonable person acting under similar circumstances, the defendant had the right to assume that the plaintiff automobile would continue its course across the intersection without stopping, bearing in mind that she looked to the left and right before turning but did not see any oncoming automobile, and whether, in view of her contemplated right turn and the short space of time between stopping and impact, she properly concentrated her attention on traffic coming from her left and right rather than upon the plaintiff automobile which had passed into the intersection, under the foregoing circumstances were conclusions about which reasonable men might differ and for this reason must be regarded as questions of fact on which the decision of the jury is conclusive. Whether an automobile driver must constantly observe an automobile preceding him, as well as whether and when he may look to his left and right, depend upon the existing circumstances. (*Samuelson* v. *Siefer*, 62 Cal.App.2d 320, 325 [144 P.2d 879].) The plaintiff claims that the defendant's actions constituted a violation of the Vehicle Code. However, the sections thereof upon which she relies are not applicable to the case at hand. Furthermore, the presumption of negligence arising from the violation of a statute is rebutted by proof of justification or excuse showing that the violator "did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (*Alarid* v. *Vanier*, 50 Cal.2d 617, 624 [327 P.2d 897]; *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 9-10 [271 P.2d 34].) The issue presented by an application of the foregoing rule to the evidence in this case was one of fact. The duty imposed upon the defendant was to exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances. Under the facts of this case the amount of care required to comply with this duty was a question for the jury to determine.

"Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." (*Johnson* v. *Southern Pacific R.R. Co.*, 154 Cal. 285, 295 [97 P. 520]; *McBride* v. *Atchison, Topeka & S.F.Ry. Co.*, 44 Cal.2d 113, 118 [279 P.2d 966]; *Toschi* v. *Christian*, 24 Cal.2d 354, 360

[149 P.2d 848]; *Jansson* v. *National Steamship Co.*, 189 Cal. 187, 192 [208 P. 90].)

The jury's verdict in favor of the defendant also included an implied finding that the defendant's failure to look ahead after stopping at the stop line, even assuming such to be negligence, was not a cause of the ensuing accident. The plaintiff testified that the automobile in which she was riding stopped suddenly and the impact, which was evidenced by a loud noise, occurred almost simultaneously. Under these circumstances, reasonable men could conclude that the accident would have happened even though the defendant had been looking at the automobile in front of her; that the suddenness of the stop made by the plaintiff automobile was the cause of the accident; and that the conduct of the defendant did not contribute thereto. As a consequence, the issue of proximate cause presented a question of fact upon which the implied finding of the jury is conclusive.

Furthermore, other evidence presented an issue of fact on the relationship between the impact and the plaintiff's claimed injuries, which were of the whiplash variety, i.e., those caused by a sudden movement of the head and neck. The jury could have inferred from the testimony heretofore related that the subject collision did not cause the plaintiff automobile to move; that no movement of the plaintiff's body resulted therefrom; and, consequently, that the impact was not the cause of her alleged injuries. This conclusion finds support in an inference from other testimony in the case. A medical witness testified that the injuries in question could have resulted from the sudden stopping of an automobile in which she was riding. Under all of the circumstances thus presented, it would not be unreasonable to conclude that any injuries which the plaintiff received were caused by the sudden stop of the vehicle in which she was riding rather than by the subsequent, although almost simultaneous, impact. Consequently, under the rules heretofore related, and the evidence presented, the issue as to the proximate cause of the injuries in question was one of fact. The implied finding of the jury on this issue in favor of the defendant forecloses any contention that her alleged negligence, as a matter of law, proximately caused the subject injuries.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.