[Civ. No. 6887. Fourth Dist. Jan. 17, 1963.]

WAYLEN D. COWAN, Plaintiff and Appellant, v. LYLE D. BUNCE et al., Defendants and Respondents.

Vinnedge, Lance & Glenn and Harold J. Lance for Plaintiff and Appellant.

Gillespie, Hartley & Flory, Wilson & Wilson and Hollis G. Hartley for Defendants and Respondents.

COUGHLIN, J.—The plaintiff Cowan, who is the appellant herein, was a passenger in an automobile driven by the defendant Braden, who is one of the respondents herein; was injured when that automobile collided with an automobile driven by the defendant Bunce, who is the other respondent herein; brought this action to recover damages on account of such injuries; charged the driver of the automobile in which he was riding with intoxication and willful misconduct; charged the driver of the other automobile with negligence; appeals from the judgment, after verdict, in favor of the defendants; and contends that, (1) the charges made by him against the defendants are established by the evidence as a matter of law, (2) the court erred in instructing the jury, and (3) improper evidence was admitted.

### ALLEGED INSUFFICIENCY OF THE EVIDENCE

The subject collision occurred on the afternoon of February 14, 1959. In adherence to the applicable rule on appeal, the facts will be stated in accord with that version of the evidence most favorable to the respondents. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12].) Bunce was driving a Dodge automobile westerly on the southerly of two westbound lanes of the San Bernardino Freeway; was moving along with the traffic in that lane and was going between 60 and 65 miles per hour; was between two automobiles, one about 100 feet in front of him and the other about 100 feet behind him; observed additional traffic in back of him in his lane; saw the automobile in front of him slow down moderately and pull to the left, purportedly to make a turn onto a detour connecting with an intersecting road which was 300 feet from it; decelerated his automobile, but did not apply its brakes; gradually veered to the right; at about 175 feet from the intersection, entered the lane to his right, i.e., the northerly of the west-

bound lanes; when the automobile in front of him had reached a point about 20 feet from the intersection he had closed the space between them to about 20 feet, had slowed down to 40 miles per hour, was in the process of clearing that automobile, which was half way into the turnout lane, and had moved into the adjoining northerly lane about three feet. In the meantime, he had looked at the rearview mirror and over his right shoulder to the rear but did not see any traffic in the lane into which he was moving although he did see that the car in back of him had closed the gap between them to about 80 feet; at the time he started to go into the northerly lane he put on his right turn indicator; after going into that lane about three feet he straightened out, accelerated his speed to about 60 miles per hour, and started back into the southerly lane; after straightening out and driving in this position for "approximately two seconds" he was struck from the rear by a Chevrolet driven by the defendant Braden, in which the plaintiff was riding, which was going in a westerly direction in the northerly lane; and the collision threw his car into a spin.

The defendant Bunce testified that he did not put on his brakes and bring his car to a stop, or slow it suddenly, when he first observed the automobile in front of him slow down, because he did not want to "telescope" the fast-moving traffic in back of him.

The plaintiff contends that Bunce was guilty of negligence as a matter of law because he was driving in excess of the prima facie speed law then in force. (Veh. Code, § 511 [1957]; Stats. 1957, ch. 2306, p. 4017.) However, the same law also declared that in a civil action proof of speed in excess of the prima facie limit did not establish negligence as a matter of law. (Veh. Code, § 513 [1957].)

The plaintiff also contends that Bunce was guilty of negligence as a matter of law because, in violation of section 544 of the Vehicle Code (1957), he did not give a signal of his intention to move to the right for a distance of 100 feet before doing so. The code section in question provides that a person may move an automobile right or left upon a roadway "only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement. . . . Any signal of intention to turn right or left shall be given continuously during the last 100 feet traveled by the vehicle before turning."

The violation of a statute raises a disputable and not a conclusive presumption of negligence, which may be overcome by proof of justification or excuse showing that the violator did ''what might reasonably be expected of a person of ordinary prudence acting under similar circumstances who desired to comply with the standard of conduct established by the statute.'' (*Alarid* v. *Vanier*, 50 Cal.2d 617, 622 [327 P.2d 897]; *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 9-10 [271 P.2d 34]; *Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1].)　　Ordinarily the issue thus presented is one of fact. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 590 [177 P.2d 279]; *Shoemaker* v. *State of California*, 202 Cal.App.2d 379, 384 [20 Cal.Rptr. 812].)　In the instant case the jury may have determined that the defendant Bunce was entitled to and did believe that by reducing his speed slowly and veering to the right he could pass the automobile in front of him without leaving his lane of traffic; that his veering to the right while remaining in the southerly lane did not affect any other vehicle; that he did not intend to cross into the northerly lane until the moment he did so, at which time he gave a right turn signal; that, because of the fast moving traffic in the lane in which he was traveling, it was better to make this passing maneuver rather than to stop or slow down abruptly; and that his failure to give a turn signal 100 feet before passing into the northerly lane was excusable or justifiable. Under these circumstances it may not be held as a matter of law that the presumption of negligence attributable to a violation of the statute was not overcome.

Furthermore, the jury could have concluded that the failure to give a signal for the required time was not a proximate cause of the accident; that the defendant's presence in the northerly lane for approximately two seconds, during which time he was going straight ahead and accelerating his speed, was adequate notice of any danger incident to his intention to come into that lane; that the accident could have been avoided by the driver of the Braden automobile if he had been alert and had turned slightly to the right; that such a maneuver was readily available to him because the remaining width of the highway available for passing, including the northerly westbound paved shoulder, was at least 17 feet; that the sole cause of the accident was Braden's failure to observe that which was in plain sight; and that the accident would have happened even though the signal in question had been given properly.

(See *Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621, 628-629 [221 P. 376]; *Lick* v. *Madden,* 36 Cal. 208, 213-214 [95 Am.Dec. 175]; *Shoemaker* v. *State of California, supra,* 202 Cal.App.2d 379, 385.)

The issues of negligence and proximate cause are determinable as a matter of law only when, from the evidence presented, reasonable men following the law can draw but one conclusion. (*Hudson* v. *Rainville,* 46 Cal.2d 474, 477 [297 P.2d 434]; *Callahan* v. *Gray,* 44 Cal.2d 107, 111 [279 P.2d 963]; *Bankston* v. *Laux,* 202 Cal.App.2d 616, 618 [20 Cal. Rptr. 874].) Applying this rule to the instant case, it cannot be said that the evidence herein required a finding that the defendant Bunce was negligent or that his alleged negligence was a proximate cause of the subject accident.

Although there was evidence from which the jury might have found that the defendant Braden was intoxicated and was guilty of willful misconduct, there was other evidence disproving the same. Without detailing the evidence, which we are not required to do (*Estate of Arstein,* 56 Cal.2d 239, 241 [14 Cal.Rptr. 809, 364 P.2d 33]; *Estate of Updegraph,* 199 Cal.App.2d 419, 424 [18 Cal.Rptr. 591]; *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 309 [287 P.2d 169]), our review of the record forces the conclusion that the issues of intoxication and willful misconduct were determinable by the jury as questions of fact.

### ALLEGED ERRORS RE INSTRUCTIONS

The court instructed the jury on the issue of contributory negligence, which the plaintiff contends was removed from the case by stipulation; of assumption of risk, which he contends was not supported by any evidence; and of imminent peril, which he contends was inapplicable.

There was evidence tending to prove that the defendant Braden who was the driver of the automobile in which the plaintiff was traveling, was intoxicated; that he was driving in a reckless manner, passing traffic by changing from one lane to another at speeds ranging from 80 to 90 miles per hour; that the plaintiff had knowledge of the intoxication; that he knew of this condition for some time, being with Braden for three hours before the accident; that they spent a part of this time in two cafes; that he became a passenger in the Braden automobile with knowledge of this intoxication; that he did not protest the manner of driving;

and that he made no request to leave the automobile although he had the opportunity to do so.

■ "It is the duty of the court to instruct on every theory of the case finding support in the evidence." (*Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 623 [255 P.2d 785].)

■ Where a guest knows or should have known that his host was incapable of careful driving, because of the latter's intoxicated condition and, nevertheless, becomes a passenger in an automobile driven by the host, ordinarily, under the defense of contributory negligence, the guest may not recover on account of injuries sustained as a result of such intoxication. (*Lindemann* v. *San Joaquin Cotton Oil Co.*, 5 Cal.2d 480, 488 [55 P.2d 870]; *Enos* v. *Montoya*, 158 Cal.App.2d 394, 401 [322 P.2d 472].) ■ Under the evidence related, instructing on the defense of contributory negligence was proper. ■ However, the plaintiff contends that this defense was withdrawn because of a statement by counsel for the defendant Bunce which, it is claimed, constituted a stipulation to this effect. Obviously, such a stipulation, if it existed, did not remove the defense of contributory negligence from the case against the defendant Braden. Furthermore, the discussion between court and counsel, which the plaintiff claims resulted in a withdrawal thereof by the defendant Bunce, when fairly considered, limits the scope of any such withdrawal to the issue of imputed contributory negligence based on an alleged joint venture between the plaintiff and Braden.

■ The heretofore outlined conduct of the plaintiff also justified the giving of instructions on the doctrine of assumption of risk. (*Mountain* v. *Wheatley*, 106 Cal.App.2d 333, 338 [234 P.2d 1031].) The plaintiff claims that one of these instructions was improper because there was no evidence tending to show that he had knowledge of the danger incident to the risk assumed. As noted, there is evidence which would support a finding that the plaintiff knew that Braden was intoxicated but nevertheless rode with him, and knew that he was driving in a reckless manner but nevertheless made no protest thereto, nor any request to leave, although he had the opportunity to do so. (See *Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 162 [265 P.2d 904].)

Furthermore, the court instructed the jury to render a verdict in favor of the plaintiff and against the defendant Bunce if it found that the latter was negligent and that the

former sustained injuries as a proximate result thereof; and to render a verdict in favor of the plaintiff and against the defendant Braden if it found that the latter was intoxicated or guilty of willful misconduct and that the former sustained injuries as a proximate result thereof; and in each instance omitted any consideration of the issues of contributory negligence or assumption of risk. Considering this state of the record and the nature of the instructions on contributory negligence and assumption of risk to which the plaintiff objects, we conclude that no prejudice to his case occurred from the latter. Under these circumstances, a reversal on account thereof would not be in order. (*Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 625 [327 P.2d 897].)

The objection to the instruction on imminent peril is that the evidence established as a matter of law that any peril existent in the instant circumstances was created by the negligence of the defendant Braden. This objection is based upon the plaintiff's interpretation of the evidence. The jury was entitled to find to the contrary. The objection is without merit.

The plaintiff offered and the court rejected an instruction on his right to ''proceed to trial on evidence which may be inconsistent with his own testimony.'' The apparent motive for requesting this instruction was the fact that the plaintiff testified that the defendant was not intoxicated but introduced the testimony of another witness, inconsistent with his own, which tended to prove that Braden was intoxicated. This instruction concluded with the following: ''Therefore, you are cautioned that the mere fact that a party to this action may have testified contrary to the testimony given by any other witness called by such party, would not, of itself, justify finding against such party.'' This is an ambiguous attempted statement of the law. From it the jury could have understood that the plaintiff's testimony was not sufficient to justify a finding against him that Braden was not intoxicated. The instruction properly was refused.

### Alleged Error in Admission of Evidence

The plaintiff contends that the admission of evidence tending to arouse the sympathy of the jury in favor of the defendant Bunce was error but, with one exception, he made no objection thereto. The objection, when made, was sustained. A party may not object on appeal to the admission of irrelevant or immaterial evidence to which he made no

objection at the time of trial. (*Parker* v. *Shell Oil Co.*, 29 Cal.2d 503, 514 [175 P.2d 838]; *Wood* v. *Davenport*, 127 Cal.App.2d 247, 250 [273 P.2d 564].) The plaintiff labels the offer of this testimony as prejudical misconduct by the defendant Bunce and his counsel; so designating it is of no avail; he has waived the objection he now advances. (*Toss-man* v. *Newman*, *supra*, 37 Cal.2d 522, 526; *Cope* v. *Davison*, 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].)

The judgment is affirmed.

Griffin, P. J., concurred.