[Civ. No. 6984. Fourth Dist. Aug. 6, 1963.]

MARGARET N. HIXSON, as Administratrix, etc., et al., Plaintiffs and Respondents, v. INTERNATIONAL HARVESTER COMPANY, Defendant and Appellant.

Higgs, Fletcher & Mack, H. Pitts Mack and Edward M. Wright for Defendant and Appellant.

Schall, Neilsen & Boudreau and W. J. Schall for Plaintiffs and Respondents.

COUGHLIN, J.—This is an action to recover damages resulting from the overturning of a truck-tractor and trailers allegedly caused by a defective hub and bearing in the left front tractor wheel. The plaintiffs, respondents herein, respectively, are the administratrix of the estate of the driver who was killed in the accident, and the owner of the equipment which was damaged. The defendant, appellant herein, sold the tractor to the plaintiff owner, a man named Davis; as an incident to the sale, agreed to change the wheels thereon, which necessitated replacement of hubs and bearings; on the

left front wheel installed a used hub, which had been subjected to extreme heat; also installed therein an improper size bearing; and did not adjust its brake lining.

The tractor was delivered to the owner on June 6, 1959. The accident occurred on June 23, 1959, when the tractor, attached to a semitrailer and trailer, was hauling a load of bulk barley weighing 48,500 pounds; was approaching a 90-degree curve on a $7\frac{1}{2}$ per cent downgrade, two-lane, paved highway; the improperly fitted bearing in the left front tractor wheel broke, causing the wheel to "cock" and the brakes to grab, resulting in a loss of steering control; the equipment jackknifed, overturned, and killed the driver.

After a trial by jury, the court entered judgment upon the verdicts in favor of the plaintiffs, and denied the defendant's subsequent motion for judgment notwithstanding the verdicts. The defendant appeals from the order denying this motion and from the judgment, seeking a reversal upon the following grounds: (1) that the evidence establishes contributory negligence by the driver as a matter of law; (2) that an instruction given by the court on the issue of speed was erroneous; and (3) that the court erred in sustaining an objection to the admission of an alleged statement against interest made by the driver to his wife prior to the accident.

CONTRIBUTORY NEGLIGENCE

The defendant's contention that the evidence establishes contributory negligence as a matter of law is based on the claim that the conduct of the subject driver must be measured by the standard of care exercised by truck drivers operating equipment of the type involved in the instant case which can be established only by expert testimony; and that the rate of speed at which the subject tractor-trailer was being driven and the gear in which the tractor was being operated, at and immediately before the accident, as established by uncontradicted evidence, do not conform to the applicable standards of care as defined by the only expert testimony in the case.

To establish a fact as a matter of law the evidence in the case must admit of but a single conclusion. (*Hudson* v. *Rainville*, 46 Cal.2d 474, 477 [297 P.2d 434]; *Church of Merciful Saviour* v. *Volunteers of America*, 184 Cal.App.2d 851, 856 [8 Cal.Rptr. 48]; *Bowman* v. *Collins*, 181 Cal.App. 2d 807, 810 [5 Cal.Rptr. 776].)

It is not necessary that we pass upon the contention that the conduct of the driver must be measured by a standard

which can be established only by expert testimony because, applying the rule heretofore noted, the factual premises upon which the defendant relies are not established as a matter of law. The testimony relied upon to establish the claimed controlling standard of care was given by a truck driver; was subject to conflicting interpretations in that the standard related by the witness appeared to be that which he personally would have used under the circumstances, rather than that which ordinarily careful truck drivers would have used; and, because of its ambiguous nature, could have been rejected entirely by the jury. ■ A fact is not established as a matter of law when its existence is dependent upon an interpretation of the evidence as this is a function committed to the discretion of the trier of fact. (*Thompson* v. *Long Beach,* 41 Cal.2d 235, 246 [259 P.2d 649]; *Dillard* v. *McKnight,* 34 Cal. 2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835]; *Welker* v. *Scripps Clinic etc. Foundation,* 196 Cal.App.2d 338, 342 [16 Cal.Rptr. 538]; *Adoption of Curtis,* 195 Cal.App.2d 179, 183 [15 Cal.Rptr. 331].)

■ Even though the expert testimony in question be accepted as establishing a controlling standard of care, the evidence does not require a conclusion that the subject driver did not comply therewith. The expert testified that, before descending the grade, he would have placed the tractor in second gear; that the approximate speed thereof in second gear would have been 10 miles per hour; and that a speed in excess thereof in that gear would have damaged the engine. From this and other testimony, the defendant argues that the tractor in question was not in second gear because it was traveling at a high rate of speed and the engine was not damaged. The claimed high rate of speed is inferred from skid marks allegedly laid down by the tractor and trailers, including a centrifugal mark of 114 feet in length and an additional 105 feet of gouge or brush marks apparently made by the overturned vehicle. Whether the existence of these marks justified an inference of high speed was a question of fact for the jury to determine in view of the evidence that the trailers were loaded with grain weighing 48,500 pounds; the equipment was descending a $7\frac{1}{2}$ per cent grade; the tractor and trailer braking systems were independently operated; the steering and braking mechanisms on the tractor were affected by the breakdown of the defective wheel bearing; the equipment was out of control; there undoubtedly was a shifting in weight upon the different skidmark-producing tires; and many

uncertain and imponderable factors which may have caused the subject marks with little or no relation to the speed at which the equipment was traveling. The acceptance or refusal to accept an inference reasonably deducible from the evidence, or the acceptance of one of several conflicting inferences reasonably deducible therefrom, is a function committed to the discretion of the trier of fact and may not be determined as a matter of law. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231]; *Gray* v. *Southern Pac. Co.,* 23 Cal.2d 632, 640 [145 P.2d 561]; *Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868]; *Coutts* v. *Grant,* 784 Cal.App.2d 255, 257 [7 Cal.Rptr. 431]; *Marshall* v. *Parkes,* 181 Cal.App.2d 650, 655 [5 Cal.Rptr. 657].) Under the state of the evidence in this case the jury was not required to infer that the subject driver was going at a high rate of speed.

In further support of its contention that the tractor was not being driven in second gear, the defendant cites the testimony of a tow truck operator that the tractor was in seventh gear when he released it preparatory to removal of the equipment. However, many things could have happened to the gear shifting apparatus from the time the tractor and trailers went out of control until they came to an overturned stop, and until the tow truck operator some time thereafter made the observation about which he testified. The jury was not required to accept the inference that the tractor was in the same gear when it went out of control as it was when the tow truck operator made his observation.

 Furthermore, the presumption that the decedent exercised due care applies to this case and its consideration precludes a determination of the issue of contributory negligence as one of law. (*Gigliotti* v. *Nunes,* 45 Cal.2d 85, 92 [286 P.2d 809]; *Anthony* v. *Hobbie,* 25 Cal.2d 814, 819 [155 P.2d 826]; *Wiswell* v. *Shinners,* 47 Cal.App.2d 156, 160 [117 P.2d 677].)

 In addition, the issue of proximate cause incident to the contributory negligence defense, under the evidence herein, clearly was one of fact and forecloses a determination of that defense as a matter of law. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 433 [45 P.2d 183]; *Bankston* v. *Laux,* 202 Cal.App.2d 616, 618, 621 [20 Cal.Rptr. 874]; *Shoemaker* v. *State of California,* 202 Cal.App.2d 379, 385 [20 Cal.Rptr. 812].)

 The contention that the evidence establishes the defense of contributory negligence as a matter of law is without merit.

### Instruction On Speed

 The defendant claims that the court erred in instructing the jury that the "speed limit for equipment of the type in question at the place where the accident occurred was 45 miles per hour"; that this "fact is one to be considered by you, together with all of the other evidence in determining whether or not . . . [the driver] was negligent"; that "Section 510 of the Vehicle Code reads: 'No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons and property.' ' '; that a "violation of this basic rule is negligence"; and, in substance, using appropriate language, that a violation of a statute might be excusable or justifiable. The objection to the instruction as given is that it advised the jury that the maximum speed at which the subject driver might travel at the place where the accident happened was 45 miles per hour and that this was a fact which they should consider; that, in substance, the court set a standard of care which permitted the driver to travel 45 miles per hour on a curving highway with a 7½ per cent downgrade; and, under the circumstances of the case, was confusing. The decision in *Lewis* v. *Franklin,* 161 Cal.App.2d 177 [326 P.2d 625], is cited in support of this position, but the situation therein is wholly dissimilar to that in the case at bar.

 It appears that the 45 mile per hour speed limit portion of the instruction as given was a modification of a 55 mile per hour speed limit instruction requested by the plaintiffs. During a discussion between court and counsel respecting the instructions submitted by the parties, counsel for the defendant called the court's attention to the provisions of the Vehicle Code which fixed the speed limit for vehicles of the type here involved at 45 miles per hour. Thereupon, the court modified the plaintiffs' requested instruction accordingly. That part of the instruction which advised the jury that "this fact . . . together with all of the other evidence" was to be considered in determining whether the driver was negligent, was part of the requested instruction. The basic speed law and remaining portions of the instruction as given had been requested by the defendant. If the instruction as given was confusing, the defendant participated in causing this confusion and may not complain thereof on appeal. (*Jentick* v. *Pacific Gas & Elec. Co.,* 18 Cal.2d 117, 121 [114 P.2d 343];

*Devincenzi* v. *Faulkner,* 174 Cal.App.2d 250, 253 [344 P.2d 322, 74 A.L.R.2d 764]; *Carlson* v. *Glanville,* 170 Cal.App.2d 246, 249 [338 P.2d 580]; see generally: *Valentine* v. *Kaiser Foundation Hospitals,* 194 Cal.App.2d 282, 290-292 [15 Cal. Rptr. 26]; *Downing* v. *Silberstein,* 89 Cal.App.2d 838, 844 [202 P.2d 91].)

When the instruction is considered as a whole, as it must be (*McCormick* v. *City & County of San Francisco,* 193 Cal.App.2d 96, 103 [14 Cal.Rptr. 79]), no error appears therein. Although the court advised the jury that the speed limit for the type of equipment in question at the place where the accident occurred was 45 miles per hour, it also advised that under the then section 510 of the Vehicle Code no person should drive a vehicle on a highway at a speed greater than was reasonable or prudent having due regard for the surface and width of the highway, and in no event at a speed which would endanger the safety of persons or property, and that a violation of this basic rule was negligence. This did not constitute an instruction that 45 miles an hour was a permissible speed for the subject vehicles at the time and place in question. If the defendant believed that the jury should have been more fully instructed on the law with respect to the issue of speed, it should have requested such and, having failed to do so, cannot now complain. (*Tabata* v. *Murane,* 24 Cal.2d 221, 228 [148 P.2d 605]; *Burkett* v. *Dental Perfection Co.,* 140 Cal.App.2d 106, 114 [294 P.2d 992].)

The defendant's contention of error in the instruction on speed is without merit.

### REFUSAL TO ADMIT EVIDENCE

The defendant offered to prove by the wife of the deceased driver that, prior to the accident, her husband had told her that "he had been having trouble with the brakes." The court sustained an objection thereto upon the ground that the testimony in question was hearsay and also under the rule in *Carr* v. *Duncan,* 90 Cal.App.2d 282, 284 [202 P.2d 855], wherein it was said: "It has been held in this state that admissions, or declarations against interest, of a decedent are not admissible against his heirs or representatives in an action for his wrongful death under section 377 of the Code of Civil Procedure, for the reason that the right of action given by such section is a new right of action distinct from any which the deceased might have maintained had he survived his injuries. [Citing cases.]"

The defendant contends that the rule as stated should be

rejected and that, in any event, it does not apply to the cause of action in favor of the owner of the truck, for whom the driver was an agent, as it is evidence of the latter's state of mind; is proof that he had knowledge that the brakes were in a defective condition; is not hearsay, and is not an admission against interest. However, we need not pass upon these contentions because the testimony is inadmissible on another ground which, although not urged at the time of the trial, is urged on appeal and would be urged upon a retrial, and renders nonprejudicial any error in sustaining the instant objection.

The question to which the plaintiffs objected sought to elicit the contents of a privileged communication betwen husband and wife. Section 1881, subdivision 1, of the Code of Civil Procedure provides that, except under certain conditions not here existing, neither a husband nor wife "can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during marriage." An objection thereto properly presented must be sustained. (*In re De Neef,* 42 Cal.App.2d 691, 693 [109 P.2d 741]; *Perkins* v. *Maiden,* 41 Cal.App.2d 243 [106 P.2d 232]; *Kershaw* v. *Madsen,* 62 Cal.App. 11 [216 P. 55].) It would serve no useful purpose to require a retrial of the instant action on account of any error in sustaining the objection as made, because of its limited scope, when the testimony to which it relates is inadmissible on the ground of privilege, which could be asserted by the wife on a retrial. She should not be required to reveal the contents of her husband's communication to her even though the evidence thus elicited were limited to the case of the plaintiff owner.

The judgment and order denying the motion for judgment notwithstanding the verdict are affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.